JAMES GREENAN, Appellant, v CAROL BROWN, Defendant, and CITY OF NEW YORK, Respondent

The instant action arose out of an incident which occurred at 2:30 A.M. on February 6, 1982. The plaintiff testified that he drove his car through a red light at the intersection of Broadway and Roosevelt Avenue. He then proceeded to the Brooklyn Queens Expressway (hereinafter the BQE) and entered the right lane. Shortly thereafter, and while still in the right lane, plaintiff was ordered to stop his car by a police officer driving a marked police car. The police officer parked his car several feet behind plaintiff's car in the right lane of the BQE. After the plaintiff identified himself, another police officer arrived several minutes later in a second police car, and parked his car several feet behind the first police car, again in the right lane of the BQE. The plaintiff was thereafter handcuffed and ordered to stand behind his car. The plaintiff did so for several minutes, facing oncoming traffic. None of the officers put flares or cones in the roadway. Thereafter, a car driven by the defendant Brown collided with the second police car, which was propelled into the first police car, which in turn struck the plaintiff, who suffered injuries.

Viewing this evidence adduced at trial in a light most favorable to the plaintiff, as we are required to do *(see, Lipsius v White,* 91 AD2d 271; *Candelier v City of New York,* 129 AD2d 145, 147), we conclude that questions of fact exist on this record as to whether the defendant City of New York, through its police officers, acted reasonably under the circumstances to protect the plaintiff's safety and whether any negligence on the part of the defendant City of New York was the proximate cause of the accident *(see, Thomas v State of New York,* 46 NY2d 1043, 1044; *Parvi v City of Kingston,* 41 NY2d 553, 559-560; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315-316, *rearg denied* 52 NY2d 784, 829). Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.