■ Sandra Dolne, Appellant, v Village of Ossining, Respondent. [742 NYS2d 558] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 18, 2000, as denied that branch of her motion which was for partial summary judgment on the issue of liability, and (2) from a judgment of the same court (Barone, J.), entered August 15, 2001, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint and awarding the defendant taxable costs for the service of subpoenas and the attendance of witnesses.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting therefrom the provision awarding the defendant $380 as a disbursement for the attendance of witnesses; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court correctly determined that a triable issue of fact existed with respect to whether the defendant, Village of Ossining, through its police officers, acted reasonably under the circumstances to protect the plaintiff's safety and whether any negligence on the part of the defendant was a proximate cause of the plaintiff's injuries (*see Parvi v City of Kingston,* 41 NY2d 553, 559-560; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315-316; *Greenan v Brown,* 140 AD2d 488, 489; *cf. Thomas v State of New York,* 46 NY2d 1043, 1044).

We modify the judgment to delete the provision thereof awarding the defendant $380 for the attendance of witnesses at trial. The defendant offered no explanation or justification for this disbursement.

The plaintiff's remaining contentions are without merit. Sandra J. Feuerstein, J.P., Krausman, Luciano and Crane, JJ., concur.